IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| CATHY TURNBOW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) No. 1-04-1239-T |
| | ) |
| JO ANNE B. BARNHART, | ) |
| COMMISSIONER OF SOCIAL | ) |
| SECURITY, | ) |
| | ) |
| Defendant. | ) |

ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

Plaintiff Cathy Turnbow brought this action seeking review of the Commissioner's decision denying her social security and disability benefits. On April 19, 2005, the court ordered that the Commissioner's decision was reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff filed this motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $1,925.00. Defendant responded and does not object.

Under the EAJA, the court shall "award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . , including proceedings for judicial review of agency action, brought by or against the United States . . . , unless the Court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A social security plaintiff who obtains

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on _08-09-05_

a sentence-four remand is a prevailing party under the EAJA. <u>Shalala v. Schaefer</u>, 509 U.S. 292, 300-02 (1993). Thus, plaintiff is entitled to attorney fees and expenses if the position of the Commissioner was not substantially justified. Further, the EAJA makes it clear that a prevailing party also is entitled to an award of costs under § 2412(a).

The Commissioner has the burden of proving that her position was substantially justified under the EAJA. <u>See</u> <u>London v. Halter</u>, 203 F. Supp. 2d 367, 373 (E.D. Tenn. 2001). In this case, by acquiescing in an award of attorney fees, the Commissioner has conceded that her position was not substantially justified. The Court also concludes that there are no special circumstances that would make an award unjust. Consequently, Plaintiff is entitled to an award of attorney fees.

Plaintiff's counsel, Roger Stanfield, submitted an affidavit stating that he expended 15.4 hours on this case, at the rate of $125.00 per hour, for a total of $1,925.00 in attorney's fees. Roger Stanfield Aff. ¶ 6. The court finds that the number of hours expended and the hourly rate are reasonable. As a result, Plaintiff's motion for attorney's fees is GRANTED, and fees in the amount of $1,925.00 will be paid directly to Plaintiff's counsel.

IT IS SO ORDERED.

_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

5 August 2005
DATE

2

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 22 in case 1:04-CV-01239 was distributed by fax, mail, or direct printing on August 9, 2005 to the parties listed.

---

Roger Stanfield
LAW OFFICE OF ROGER STANFIELD
P.O. Box 3338
Jackson, TN 38303--333

Joe A. Dycus
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable James Todd
US DISTRICT COURT